Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA  92101
Phone: (619) 346-4611
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Eileen Ballejos

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eileen Ballejos,<br><br>                              Plaintiff,<br><br>vs.<br><br>Velocity Investments, LLC; Mandarich Law Group, LLP; and Does 1 through 5, inclusive.<br><br>                              Defendant. | Case No. 5:20-cv-311<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br>• CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br>• CALIFORNIA FAIR DEBT BUYING PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Complaint                                                                                           Case # 5:20-cv-311

## I. Introduction

1. Plaintiff Eileen Ballejos, ("Ballejos" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants Velocity Investments, LLC ("Velocity") and Mandarich Law Group, LLP (hereinafter "Mandarich") (collectively "Defendants") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the California Fair Debt Buying Practices Act ("FDBPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA" or "Rosenthal Act"), all of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. JURISDICTION AND VENUE

6. This action arises out of violations by each of the Defendants of the FDCPA under 15 U.S.C. §1692, *et seq.*, and of the Rosenthal Act under Cal. Civ. Code §1788, *et seq* and violations by Defendant Velocity of the FDBPA under Cal. Civ. Code §1788.50, *et seq.* Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

7. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### III. Parties

*Plaintiff*

9. Plaintiff is a natural person residing in Redlands, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Velocity (hereinafter "Debt").

*Velocity*

10. Plaintiff is informed and believes that Defendant Velocity is and was at all relevant times a New Jersey limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 1800 Route 34 North, Building 3, Suite 303 in Wall, New Jersey, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

11. Velocity's principal purpose is to collect money on the debts it purchases, and as such Velocity is a "debt collector" under 15 U.S.C. §1692a.

12. Defendant Velocity, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

*Mandarich*

13. Plaintiff is informed and believes that Defendant Mandarich is and was at all relevant times a California limited liability partnership, or "LLP" and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another with its principal place of business located at 9200 Oakdale Avenue, Suite 601, Chatsworth, CA 91311, and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

14. Defendant Mandarich, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

## IV.   Other parties of interest

12. Prosper Funding, LLC is a Delaware limited liability company domiciled in California, with an address of 221 Main Street, 3rd Floor in San Francisco, California registered with the Secretary of State of the State of California.

13. Prosper Funding, LLC is a Delaware corporation domiciled in California, with an address of 221 Main Street, 3rd Floor in San Francisco, California registered with the Secretary of State of the State of California.

## V.   Facts Common to all Claims for Relief

14. On March 13, 2019, Velocity, through counsel, filed a complaint ("Collection Complaint") in the Superior Court of California for the County of Contra Costa against Plaintiff, in the matter of *Velocity Investments, LLC v. Eileen Ballejos*, *et al*, case number CIVDS1908313 ("Collection Action").

15. Plaintiff was later served with the Collection Complaint.

*Failure to identify the true "charge-off" creditor*

16. Plaintiff is informed and believes, and thereon alleges that "Prosper Funding, LLC" did not own the account at issue on the date of charge-off.

17. Prosper Funding, LLC did not own the account at issue at the time of charge-off, and was not the "charge-off creditor."

18. Despite that fact, Defendant alleged at paragraph 4 of the Collection Complaint that "The charge-off creditor at the time of charge-off is Prosper Funding, LLC."

19. Plaintiff is informed and believes, and thereon alleges that the owner of the account at the date of charge-off was not Prosper Funding, LLC but some party other than Prosper Funding, LLC.

20. This failure to disclose the true charge-off creditor and their address, as well as the account number used by the true charge-off creditor, violates California Fair Debt Buying Practices Act, specifically California Civil Code §1788.58(a)(6).

*False Claims Regarding the Chain of Title*

21. In the Collection Complaint, at paragraph 2, Defendant claimed that Defendant Velocity was "the only entity that purchased this debt after charge off," and at paragraph 4 identified the "charge-off creditor at the time of charge-off" as Prosper Funding, LLC.

22. Taken together, this forms an allegation that Prosper Funding, LLC *owned the account at issue* on the date it was sold to Velocity, and that Prosper Funding, LLC sold the account to Velocity *as owner*.

23. Plaintiff is informed and believes, and thereon alleges, that this representation is false, as a third party "investor" actually held title to the account at issue at the time it was sold to Velocity, and Velocity chose to hide this third party "investor" from Plaintiff, and the court, in order to make it easier to seemingly prove ownership of the account.

24. Plaintiff is informed and believes, and thereon alleges that the owner of the account immediately prior to Velocity was not Prosper Funding, LLC but some party other than Prosper Funding, LLC.

**VI.  Allegations Specific to Certain Causes of Action**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA by Defendant Mandarich)**

59. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

60. Defendant Mandarich violated the FDCPA. Defendant's violations include, but are not limited to the following:

a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

61. Plaintiff is entitled to actual damages sustained as a result of Defendant Mandarich's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act)

62. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

63. Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq*.

64. Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c.    15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d.    15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

    e.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

    f.    15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

65. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

66. As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount of $100.00 to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

### THIRD CLAIM FOR RELIEF
### (Violations of the FDBPA by Velocity)

67. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

68. Velocity's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Velocity's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

    a.    Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt;

    b.    Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer;

69. As a proximate result of the violations of the California Fair Debt Buying Practices Act, Plaintiff is entitled to actual damages, statutory damages of $100.00 to $1,000.00, reasonable attorney's fees and costs of this action pursuant to Cal. Civ. Code §1788.62.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

*FDCPA*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Mandarich and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Mandarich and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against Mandarich and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

*Rosenthal Act*

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants;

*FDBPA*

7. An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

8. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Velocity and for Plaintiff; and

10. Such other and further relief this court may deem just and proper.

**JURY DEMAND**

1. Plaintiff demands a trial by jury.

Date: February 18, 2020                    /s/Scott M. Grace
                                           Scott M. Grace
                                           Attorney for Plaintiff